Thomas A. Gilson (AZ Bar No. 022460)
**BEUS GILBERT MCGRODER PLLC**
701 North 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3000
tgilson@beusgilbert.com

**PALLAS PARTNERS (US) LLP**
Duane L. Loft*
Shireen Barday*
John McAdams*
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970-2300
duane.loft@pallasllp.com
Shireen.barday@pallasllp.com
john.mcadams@pallasllp.com

Counsel for Petitioners
*[Additional Counsel Listed in Signature Block]*

**Pro hac vice* application forthcoming

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re Application of<br><br>507 Summit LLC; Oasis Focus Fund LP; Quadre Investments, L.P.,<br><br>Petitioners, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No.<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

1. 507 Summit LLC, Oasis Focus Fund LP, and Quadre Investments, L.P. ("**Petitioners**") respectfully request an order in the form attached hereto permitting Petitioners to obtain limited discovery (the "**Requested Discovery**") under 28 U.S.C. § 1782 ("**Section 1782**") in connection with appraisal proceedings pending before the Grand Court of the Cayman Islands (the "**Appraisal Proceeding**") in relation to the leveraged take-private merger of 51job, Inc. (the "**Merger**" and the "**Company**"), to which Petitioners are parties. In support of their application, Petitioners submit a

Memorandum of Law and the Declarations of Yonah Jaffe (the "**Jaffe Declaration**"), Tyler Burtis, and Samuel Dawson. Petitioners further state as follows:

2. Petitioners seek the assistance of this Court to obtain the Requested Discovery from Alex Nanyan Zheng ("**Respondent**") for use in the Appraisal Proceeding. Respondent is both an individual member of the Buyer Group[1] and a partial owner and director of other entity members of the Buyer Group. In these roles, Respondent is one of the individuals responsible for orchestrating the Merger at the inadequate price.

3. Petitioners' tailored requests are set forth in the subpoena attached as **Exhibit A** to the Jaffe Declaration (the "**Subpoena**") and relate to the fair value of the shares of the Company that are the subject of the Appraisal Proceeding, including the process leading to the purchase of the shares of the Company's unaffiliated minority shareholders (including Petitioners). As set forth in the accompanying submissions, the Requested Discovery cannot be compulsorily obtained in the Appraisal Proceeding but the Grand Court of the Cayman Islands will be receptive to the Requested Discovery and assistance from this Court.

4. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

5. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions: (1) Respondent is a resident of this District, and thus "resides" in this District; (2) the Requested Discovery is to be used in the Appraisal Proceeding; and (3) Petitioners

---

[1] Any capitalized terms not defined herein bear the same meaning as in the accompanying Memorandum of Law.

are "interested persons" in the Appraisal Proceeding because they are parties to the Appraisal Proceeding before the Grand Court of the Cayman Islands.

      6.      This application also meets the discretionary factors of Section 1782. As explained further in the accompanying submissions: (1) Respondent is not a party to the Appraisal Proceeding; (2) the Grand Court of the Cayman Islands will be receptive to judicial assistance from a U.S. court; (3) Petitioners are not attempting to circumvent foreign proof-gathering restrictions; and (4) the Requested Discovery is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

      7.      Petitioners therefore respectfully request that this Court grant their application for an Order granting Petitioners leave to serve Respondent with the Subpoena.

WHEREFORE, Petitioners respectfully request that this Court enter an Order:

      1.      Granting the application for discovery under 28 U.S.C. § 1782;

      2.      Authorizing Petitioners to take discovery from Respondent, by issuing the Subpoena; and

      3.      Directing Respondent to comply with the Subpoena issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: September 21, 2023
Phoenix, Arizona

By: /s/____Thomas A. Gilson_____

**BEUS GILBERT MCGRODER PLLC**
Thomas A. Gilson
701 North 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3000
tgilson@beusgilbert.com

*Counsel for Petitioners*

**PALLAS PARTNERS (US) LLP**
Duane L. Loft*
Shireen Barday*
John McAdams*
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
Duane.Loft@pallasllp.com
Shireen.Barday@pallasllp.com
John.McAdams@pallasllp.com

*Additional counsel for Petitioners Oasis Focus Fund LP and Quadre Investments, L.P.*

**REID COLLINS & TSAI LLP**
Yonah Jaffe*
420 Lexington Avenue
Suite 2731
New York, NY 10170
(212) 344-5200
yjaffe@reidcollins.com

**LABATON SUCHAROW LLP**
Ira A. Schochet*
140 Broadway
New York, NY 10005
(212) 907-0864
ischochet@labaton.com

*Additional counsel for Petitioner 507 Summit LLC*
\**Pro hac vice* application forthcoming